Warren Brekke, Transferee v. Commissioner.
Brekke v. Commissioner
Docket No. 79302.
United States Tax Court
T.C. Memo 1966-208; 1966 Tax Ct. Memo LEXIS 73; 25 T.C.M. (CCH) 1063; T.C.M. (RIA) 66208; September 26, 1966
*73 Richard F. Alden, Statler Center, Los Angeles, Calif., and Henry C. Diehl for the petitioner. Marion Malone for the respondent. SCOTT Memorandum Findings of Fact and Opinion SCOTT, Judge: Respondent determined deficiencies in the income and excess profits taxes of Weiser Company, transferor, for the calendar year 1953 in the amount of $89,152.26 and in its income tax for the calendar year 1954 in the amount of $131,698.45, and further determined that petitioner was liable, as transferee of Weiser Company, to the extent of $1,727.12. On August 2, 1963, the Findings of Fact and Opinion of this Court was filed in this case, being reported at , and on January 10, 1964, the decision of this Court was entered. Two issues were presented for the determination of this Court, both dealing with the amount of the deficiencies as determined against the transferor, Weiser Company. One of these issues dealt with whether certain amounts paid in the form of rent were deductible as such by Weiser Company and the other issue dealt with whether certain expenditures totaling $26,504.71 were deductible by Weiser Company in its calendar year 1954. In our opinion *74 reported at , we determined that the amounts which Weiser Company had deducted as rental expense in each of the years 1953 and 1954 were not properly deductible and concluded that it was unnecessary to decide the issue with respect to the expense deduction of $26,504.71 since if we were to decide the issue in favor of petitioner, the total deficiency of Weiser Company would nevertheless exceed the total transferee liability of the petitioner whose case was before us. Petitioner appealed our decision to the United States Court of Appeals for the Ninth Circuit. That Court, on March 4, 1966, entered an order pursuant to the stipulation of the parties, that the decision of the Tax Court be vacated and the case remanded for further proceedings. On July 20, 1966, the parties filed with this Court a Joint Report in which they directed the Court's attention to the fact that two issues were originally raised before this Court and only one of those issues was decided in the opinion of this Court reported at , and that after petitioner's appeal to the United States Court of Appeals for the Ninth Circuit the parties had filed a stipulation agreeing *75 that the decision of the Tax Court be vacated and the case remanded for further proceedings. The parties then concluded with the following statement: With respect to the remand before the Tax Court, the parties agree and hereby stipulate that respondent concedes the principal issue concerning the rent deduction. By virtue of this concession, the total transferee liability is now in excess of any deficiency that may be determined. Therefore, this concession necessitates a decision by the Tax Court on the second issue of whether certain expenditures totaling $26,504.71 are deductible as expenses or otherwise for 1954. The trial record has been completed and the parties believe that the issue can be decided without reopening the record. Findings of Fact In our Findings of Fact and Opinion filed August 2, 1963 and reported at , we found all of the facts as stipulated, and many of the stipulated facts as well as facts based upon the testimony were set forth in detail therein. We will not, therefore, again set forth these facts but will repeat certain specific findings of fact bearing particularly on the present issue. After further correspondence on the *76 subject and in connection with the lease cancellation and settlement of accounts between Weiser #2 [1] and Foundation, the parties agreed that expenditures totaling $44,591.29 should be credited against rent. The $26,504.71 difference between the amount claimed as credit against 1954 rent and the agreed amount was, by journal entry dated October 31, 1954, charged to expense accounts of Weiser #2 other than rent. All of the items represented by this entry, to the extent they had not been used up during the year, were left to Foundation on the cancellation of the lease. In computing Weiser #2's taxable income for 1954, respondent determined that the expenditures of $26,504.71 resulted in the acquisition of capital assets subject to depreciation. Accordingly, respondent disallowed deductions in the amount of $26,504.71 and allowed in lieu thereof a depreciation deduction in the amount of $2,650.47, for a net disallowance of $23,854.24. [
Opinion Petitioner, in his opening brief before this Court, stated with respect to the claimed deduction of *77 $26,504.71 that the issue originally was whether certain items, expenditures for which totaled $26,504.71, had a useful life of less than one year and were, therefore, ordinary and necessary expenses, or were capital improvements subject to depreciation as determined by respondent. Petitioner contended that this issue was then moot since the evidence showed that any of these items which were in existence on December 31, 1954, were surrendered to Foundation upon the cancellation of Weiser #2's lease on that date, and that even if it were conceded that certain items were capital improvements with a useful life in excess of one year, Weiser #2 suffered a loss to the extent of the value of such items on December 31, 1954, when its lease was cancelled. Respondent's argument in his original brief, to which he referred in his reply brief as his sole answer to petitioner's contention, was that the items which Weiser #2 attempted to charge off as rent, and later wrote off as expense, were sold by Weiser #2 to El Toro Management Company at book value at the end of 1954. Respondent contends that since Weiser #2 sold these items at book value and reported no gain or loss on the sale on its 1954 *78 income tax return, there is no basis for its claiming an expense deduction for these items. It is, therefore, our interpretation that respondent agrees with petitioner that the law is settled that unrecovered costs of improvements incurred by a lessee are deductible by the lessee in the year of cancellation of the lease. See , affd. (C.A. 3, 1943), and . Therefore, our sole issue here is one of fact as to whether the record supports petitioner's position that the items for which the $26,504.71 was paid were surrendered on December 31, 1954, by Weiser #2 to Foundation without compensation therefor, or respondent's position that these assets were sold at book value by Weiser #2 to El Toro Management Company. The reason we quoted a portion of the findings of fact in this case as reported at , is that in our view these findings dispose of this factual issue. The finding which we quoted was based on testimony of one of petitioner's witnesses that all of the items, the cost of which composed the $26,504.71, *79 were left to Foundation on the cancellation of the lease. The record shows that no payment for these items was made to Weiser #2 by Foundation.[2]
Respondent filed no objection to or request for revision of these findings and has not done so upon the remand of the case. Therefore, these findings are sufficient to dispose of the issue favorably to petitioner. Nevertheless, we have analyzed the various stipulated exhibits to determine whether they do support respondent's position that the items composing the $26,504.71 amount were in fact among the assets sold by petitioner to El Toro Management Company and have concluded that they do not. One stipulated exhibit shows that by journal entry, the items composing the $26,504.71 were charged to expenses with the explanation that they were "improperly classified as assets and applied as prepaid rent during the first 6 months of 1954." The list of items composing the asset accounts of machinery and equipment, and furniture and fixtures, *80 which were sold by Weiser #2 to El Toro Management Company at book value does not include specifically the items composing the $26,504.71 amount charged to expense. The only apparent duplication between the two lists of items is in punch press supplies. It is possible that certain of these supplies were not consumed but placed on a punch press which Weiser #2 owned. There are, however, several indications in the record that this was not in fact the situation. No depreciable assets were shown by Weiser #2 on its 1953 income tax return, and on its 1954 income tax return, it showed machinery and equipment acquired in 1954 at a cost of $108,308.31 and an estimated useful life of 10 years, and furniture and office equipment acquired in 1954 at a cost of $2,064.34 with an estimated useful life of 10 years. The depreciation schedule on Weiser #2's 1954 income tax return contained the statement, "Taxpayer elects to depreciate by the 200% Declining Balance Method." Depreciation taken during 1954 was shown as $5,415.42 for machinery and equipment and $103.22 for furniture and office equipment. The clear indication from this schedule is that the items which were listed on Weiser #2's 1954 *81 income tax return were acquired in the latter part of 1954 whereas the stipulated facts show that the items composing the $26,504.71 were acquired prior to June 30, 1954. The items sold by Weiser #2 to El Toro Management Company were the same as the depreciable assets listed on Weiser #2's 1954 income tax return. These facts indicate that the punch press supplies which were charged to expense by Weiser #2 were for presses which were owned by Foundation and not for presses acquired and owned by Weiser #2. The fact that respondent, in his notice of deficiency, allowed additional depreciation for the year 1954 on the $26,504.71 at the rate of 10 percent indicates that respondent did not consider that the items, the cost of which totaled this $26,504.71, were already included in the depreciable assets as shown on Weiser #2's income tax return for the calendar year 1954. We conclude that the stipulated evidence of record, as well as the testimony on which the original findings were based, supports the conclusion that the items, the expenditures for which composed the $26,504.71, were not among the items sold by Weiser #2 to El Toro Management Company on December 31, 1954. We therefore *82 decide the only issue which has not been conceded by respondent in accordance with petitioner's contention. Decision will be entered for petitioner. Footnotes
1. Weiser Company, transferor, was referred to in our Findings of Fact and Opinion as Weiser #2.↩
2. This case was tried before Judge Russell E. Train, who made the original findings. Judge Train's term of service terminated on August 1, 1965, and the case was reassigned by order dated July 21, 1966.↩